UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Clifford J. Schuett,                                  **Civil No. 15-4207 (WMW/SER)**

                Plaintiff,

v.                                                    **ORDER &**
                                                      **REPORT & RECOMMENDATION**
L. LaRiva and M. Smith,

                Defendants.

---

    Clifford J. Schuett, 01930-046, United States Penitentiary-Hazelton, Bruceton Mills, West Virginia, *pro se*.

    David W. Fuller, Esq., United States Attorney's Office, Minneapolis, Minnesota, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Plaintiff Clifford J. Schuett's ("Schuett") numerous pre-trial motions [Doc. Nos. 9, 11–14, 16–21, 24, 26–30, 32–34, 36–38, 40–41, 53, 71]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends that the motions be denied.

**I.    BACKGROUND**

Schuett filed an Amended Complaint on December 10, 2015. (Am. Compl.) [Doc. No. 4]. Schuett, a federal prisoner, is paraplegic and "wheelchair confined." (*Id.* at 4). He asserts that he "is currently blind totally in his left eye from cataracts," he has lost fifty percent of his vision in his right eye, also a result of cataracts, and he cannot see "beyond three (3) feet out of his right eye." (*Id.*). Schuett alleges that in October 2015, Defendants L. LaRiva ("LaRiva") and M. Smith

("Smith") (collectively, "Defendants") denied him an examination by an ophthalmologist for cataract removal surgery. (*Id.* at 5). Schuett also makes reference to a denial by the "Utilization Committee." *See* (*id.*). Schuett asserts that he wrote to Smith three times regarding his desire to have surgery. *See* (*id.*). Smith informed Schuett that it "was someone elses [sic] decision" whether Schuett would have cataract removal surgery, though Schuett alleges that Smith is "in charge of the decisions for medical" as the "Associate Warden of Medical at [the Federal Medical Center in] Rochester" ("FMC-Rochester") and "could have overturned the refusal of medical treatment." (*Id.*). As to LaRiva, Schuett states that she is "in charge of the administrative decisions at FMC Rochester and also "could have overturned the decision to deny . . . medical treatment (eye surgery)." (*Id.*); *see also* (*id.* at 6) (stating that Defendants are "charged with responsibility for" Schuett's "health and welfare" and have "violated that responsibility" and "abused" Schuett by denying him eye surgery).

Schuett further alleges that since his arrival at FMC-Rochester, he has been injured four times to due to his vision impairment. (*Id.* at 5). Specifically, Schuett alleges that: (1) on September 20, 2015, he ran into a light pole in the "facility yard" causing a cut on his right leg; (2) on September 24, 2015, an "opening door" hit him, also causing a cut on his right leg; (3) on September 29, 2015, he fell out of his wheelchair when it went off the edge of the sidewalk; and (4) on October 22, 2015, he was "hit again by another opening door," suffering a cut, bruising, and swelling on his left leg. (*Id.*). Based on these events, Schuett alleges that he is in "imminent danger at FMC Rochester." (*Id.*). He asserts that because Defendants have denied him cataract removal surgery, they are "leaving . . . [him] blind." (*Id.*). This leaves him vulnerable to injury and, because he is paraplegic, he cannot feel pain in his legs. (*Id.*). Schuett states that he "could" have broken bones and "would never . . . feel it." (*Id.* at 6).

2

In his request for relief, Schuett seeks injunctive relief in the form of "the cataract removal procedure or transfer to a facility that will provide the procedure." (*Id.*). Schuett also seeks $20 million in damages for pain and suffering. (*Id.*).

Shortly after he filed the Amended Complaint, Schuett began filing numerous motions with the Court, many of which seek various forms of preliminary relief. *See, e.g.*, [Doc. Nos. 9, 12, 13, 16, 28, 33]. In other motions, Schuett seeks appointment of counsel, discovery, or a hearing before the Court. *See, e.g.*, [Doc. Nos. 11, 17, 27, 40]. Schuett has also filed a motion titled Motion for Summary Judgment for Failure to Answer Plaintiffs Complaint Within Time Limits ("Motion for Judgment") [Doc. No. 53].

On March 14, 2016, Schuett was transferred from FMC-Rochester to the United States Penitentiary-Coleman I ("USP-Coleman") in Coleman, Florida. [Doc. Nos. 59-1, 60, 67]; *see also* [Doc. No. 57]. According to the Bureau of Prison's ("BOP") inmate locator, Schuett has since been transferred to the United States Penitentiary-Hazelton ("USP-Hazelton") in Bruceton Mills, West Virginia. *Find An Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (search for BOP Register Number 01930-046). On April 13, 2016, Defendants filed their Omnibus Response to Plaintiff's Pending Motions ("Omnibus Resp.") [Doc. No. 64].[1] In conjunction with their Omnibus Response, Defendants submitted the Declaration of Sheila Hadaway, D.O. [Doc. No. 65]. Shelia Hadaway, D.O., is the Clinical Director at FMC-Rochester. (*Id.* ¶ 1). In her declaration, she describes steps followed by the BOP with respect to ophthalmology care, BOP criteria for cataract surgery, and the care Schuett has received while at FMC-Rochester. (*Id.* ¶¶ 4, 7–17).

---

[1] On the same day, Defendants filed their Motion to Dismiss Amended Complaint ("Motion to Dismiss") [Doc. No. 61]. This Report and Recommendation addresses only Schuett's pretrial motions; the Motion to Dismiss will be the subject of a separate Report and Recommendation.

## II. DISCUSSION

The Court begins by addressing Schuett's motions that seek some form of preliminary relief and then addresses Schuett's other motions, grouping together motions seeking the same or similar types of relief.[2] As an initial matter, however, the Court notes that many of Schuett's motions were not filed in compliance with the Local Rules of this District. Motions for emergency injunctive relief must be filed in accordance with Local Rule 7.1(c)(1)(A), which requires simultaneous filing of several documents, including a party's motion, memorandum of law, and any affidavits and exhibits. D. Minn. L.R. 7.1(d)(3), (d)(4)(B). Before filing any other type of dispositive motion or a non-dispositive motion, a party also must simultaneously file the above-referenced documents. *See* D. Minn. L.R. 7.1(b), (c).

Schuett has failed to file a supportive memorandum with respect many of his motions. *See, e.g.*, [Doc. Nos. 9, 11–14, 17, 32–34, 36, 40, 53, 71]. Schuett's repeated failures to comply with the Local Rules alone may warrant denial of these motions. *See* D. Minn. L.R. 7.1(g)(6) (stating that "[i]f a party fails to timely file and serve a memorandum of law, the court may . . . take any . . . action that the court considers appropriate"); *cf. O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (stating that a "district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules"). The Court declines, however, to deny or recommend denial of any motions on this ground and proceeds to address the various other grounds on which Schuett's motions must be denied.

---

[2] For ease of reference, the Court has grouped Schuett's motions together in the following categories: (1) Motions for Preliminary Relief; (2) Motion for Judgment; (3) Motions for Counsel; and (4) Discovery Motions. In discussing each category of motions below, the Court has identified the relevant document numbers associated with each category. To the extent Schuett moves the Court for a hearing, the Court addresses those motions in the context of the Motions for Preliminary Relief. The Court makes recommendations with respect to dispositive motions and issues an order with respect to non-dispositive motions.

4

  A. **Motions for Preliminary Relief [Doc. Nos. 9, 12, 13, 14, 16, 18, 19, 20, 21, 24, 26, 28, 29, 30, 33, 34, 37, 38, 41, 71]**[3]

    1. **Legal Standard**

A preliminary injunction serves to preserve the status quo and protect a plaintiff from the harm alleged in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* While the court may consider "'developments that postdate the pleadings and pretrial motions'" when considering a motion for a preliminary injunction, "this does not negate the requirement that the post-pleading developments be sufficiently connected to the conduct underlying the plaintiff's claims." *Munt v. Larson*, No. 15-cv-0582 (SRN/SER), 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015) (Nelson, J.) (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)). Thus, if new injuries arise during litigation that are not related to the harm alleged in the complaint, the court may not issue a preliminary injunction against that conduct. *Devose*, 42 F.3d at 471.

"'[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties litigant; (3) the probability that [the]

---

[3]  In some of his motions seeking preliminary relief, Schuett refers to his desire for both a temporary restraining order and a preliminary injunction. *See* [Doc. No. 9] (moving the Court for a temporary restraining order); [Doc. No. 21] (moving the Court for a temporary restraining order and preliminary injunction). "As a practical matter," however, "once adverse parties have notice and an opportunity to oppose a temporary restraining order, the matter is appropriately treated as a motion for a preliminary injunction." *Becerra v. Doe*, No. 07-cv-3414 (JMR/JJG), 2008 WL 4999251, at *1 (D. Minn. Nov. 19, 2008) (Graham, Mag. J., as adopted by Rosenbaum, J.) (citing Fed. R. Civ. P. 65(a); *Onan Corp. v. United States*, 476 F. Supp. 428, 433 n.1 (D. Minn. 1979) (Devitt, C.J.)). Here, Defendants had notice of Schuett's motions and filed their Omnibus Response to the motions; the Court therefore treats Schuett's filings as motions for preliminary injunctions.

movant will succeed on the merits; and (4) the public interest.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (alterations in original) (quoting *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 114 (8th Cir. 1981)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Id.* A preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotation marks omitted). "'[A]n injunction cannot issue if there is no chance of success on the merits.'" *Wickner v. Larson*, No. 09-cv-940 (DWF/JJK), 2010 WL 98940, at *3 (D. Minn. Jan. 11, 2010) (Keyes, Mag. J., as adopted by Frank, J.) (quoting *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th Cir. 2005)).

"Transfer of a prisoner to a new facility can render that prisoner's claims for injunctive relief moot." *Clark v. Roy*, Case No. 15-cv-2778 (SRN/HB), 2016 WL 447458, at *2 (D. Minn. Feb. 4, 2016) (Nelson, J., adopting report and recommendation of Bowbeer, Mag. J.) (citing *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)). "This is especially true where the transfer takes the prisoner outside the authority and care of the allegedly offending prison officials." *Id.*; *see also Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 467 (8th Cir. 2005) (per curiam) (concluding that claims against individual officials were "rendered moot by [inmate's] transfer" to a different facility, though claims against defendant Corrections Corporation of America ("CCA") were not moot because inmate "remain[ed] in the custody and control of CCA"); *Anderson v. United States*, No. 11-cv-1486 (DWF/LIB), 2013 WL 1173948, at *7, n.11 (D. Minn. Jan. 25, 2013) (Brisbois, Mag. J.) (concluding that plaintiff's claims for injunctive relief against individual defendants were

mooted by his prison transfer), *report and recommendation adopted*, 2013 WL 1173901 (Mar. 20, 2013), *aff'd*, 564 F. App'x 865 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1184 (2015).

    2.    Analysis

        a.    **Motions for Preliminary Relief Unrelated to the Amended Complaint**

Of the numerous Motions for Preliminary Relief Schuett has filed, many must be denied because they are based on allegations and seek relief unrelated to the claims and relief sought in Schuett's Amended Complaint. *See Devose*, 42 F.3d at 471; *Munt*, 2015 WL 5673108, at *7–8.

As described above, Schuett's Amended Complaint alleges that Defendants have denied him medical care in the form of cataract removal surgery, leaving him blind and vulnerable to injuries, such as cuts and bruises from opening doors he cannot see, leading to his belief that he may possibly have broken bones in his legs. (Am. Compl. at 4–6). In terms of injunctive relief, he seeks a "cataract removal procedure or transfer to a facility that will provide the procedure." (*Id.* at 6). In twelve of his Motions for Preliminary Relief, however, Schuett seeks other relief based on allegations of other misconduct by Defendants. *See* [Doc. Nos. 12–14, 16, 18–20, 28–30, 33, 71]; *see also* (Omnibus Resp. at 6).

Specifically, Schuett seeks the following relief based on the following allegations: (1) an order directing Defendants to stop interfering with his mail based on allegations that Defendants have been tampering with his mail [Doc. Nos. 12, 18, 19]; (2) an order directing Defendants to permit him to use the grievance system based on allegations that Defendants have denied him access to this system in retaliation for this lawsuit [Doc. Nos. 13, 20]; (3) an order "remov[ing]" him from "danger and unhealthy conditions" at FMC-Rochester based on allegations that the shower facilities at FMC-Rochester are dirty and that he had a pressure sore that was "torn open from [a] dirty shower chair or stool" [Doc. No. 14]; (4) an order preventing Defendants from

"forc[ing] medical treatment on" Schuett based on allegations that Defendants "have told [Schuett] they will be forcing medical treatment" on him by "forcing" him to "stay at FMC-Rochester" [Doc. No. 16]; (5) an order directing Defendants to provide Schuett with a typewriter, typing paper, related supplies, and access to the law library based on allegations that he has been placed in segregation and/or denied access to certain materials and the law library [Doc. Nos. 28, 33]; (6) unspecified relief based on allegations that a pressure sore was torn open when he was "forced to sleep on a non-medical bed and mattress" in segregation "on defendants [sic] order" [Doc. No. 29]; (7) an order directing Defendants to "charge" Schuett with "something" or release him from segregation and to provide him with his property, including legal materials, stamps, paper, shower shoes, and religious items based on allegations that Defendants have placed him in segregation and deprived him of various property in retaliation for this lawsuit [Doc. Nos. 30, 33]; and (8) an order "remand[ing] [him] back to the District of Minnesota for a hearing in this court or for the duration of this civil action" and "protection of this court" based on allegations that Schuett's "custody points" were increased in retaliation for this lawsuit and that, in further retaliation, Defendants sent Schuett to USP-Coleman and had inmates at that facility attack him and threaten his life [Doc. No. 71].

These allegations and requests for relief are not connected to the conduct and relief that are the subject of Schuett's Amended Complaint. *Compare* (Am. Compl.) *with* [Doc. Nos. 12–14, 16, 18–20, 28–30, 33, 71]; *see also* [Doc. Nos. 10, 22, 23, 25, 31, 45, 46, 56, 59-1, 60, 67, 69, 70] (letters and supplemental memoranda to the Court addressing matters unrelated to the claims in Schuett's Amended Complaint, such as Defendants' tampering with his legal mail, denying him access to the grievance system and law library, stopping his transfer to another facility, threatening him with infection by "forc[ing]" him "to live with another inmate who has

8

HIV/AIDS," placing him in a cell without a medical mattress causing his pressure sores to open, transferring him to USP-Coleman, as well as matters related to staff and inmates at USP-Coleman).

Because Schuett has failed to "establish a relationship between the injury claimed" in his motions "and the conduct asserted in the complaint," the Court recommends that these motions be denied. *See Devose*, 42 F.3d at 471 (affirming denial of motion for preliminary injunction in which prisoner contended "prison officials had filed trumped-up disciplinary charges against him because of [his] lawsuit" where prisoner's complaint alleged Eighth Amendment violation for failure to provide adequate medical treatment); *Munt*, 2015 WL 5673108, at *8 (noting that the "requirement" that a party's motion for preliminary injunctive relief be related to the conduct asserted in the complaint is "widely accepted in the Eighth Circuit" and "is often not met when prisoners, who originally assert . . . medical care claims, seek preliminary injunctive relief related to alleged retaliation or limited access to the courts"); *Clark v. Roy*, Civil No. 13-2849 (MJD/HB), 2015 WL 3937297, at *1 (D. Minn. June 24, 2015) (Davis, C.J., adopting report and recommendation of Bowbeer, Mag. J.) (denying motion for preliminary injunction where motion raised issues regarding a medical condition different from the injuries alleged in the complaint).[4]

---

[4] *See also Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996) (unpublished table decision) ("We reject Hale's contention that defendants' allegedly threatening and retaliatory behavior mandate granting injunctive relief, because Hale failed to establish a connection between these injuries and the conduct he challenged in his complaint."); *Becerra*, 2008 WL 4999251, at *1 (denying motion for preliminary injunction where prisoner sought an injunction based on allegations that "prison officials [were] inhibiting his efforts to pursue this litigation with retaliatory discipline; by denying him office supplies; by limiting his access to legal papers; and by opening and delaying his legal mail" because issues raised in complaint were unrelated to the subsequent claims of official misconduct).

### b. Mootness

While the above-discussed motions are based on matters unrelated to the Amended Complaint, several of Schuett's Motions for Preliminary Relief are, to varying degrees, related to his claims. *See* [Doc. Nos. 9, 21, 24, 26, 34, 37, 38, 41] (informing the Court of instances in which Schuett was hit and cut by opening doors because he could not see them, which Schuett believes to have caused "possible fractures" and misalignment of his legs, stating that his "eyes are worse," referring to additional eye exams and denials of cataract removal surgery, and/or seeking protection from injury by Defendants, an order preventing Defendants from placing Schuett's "life in danger," and an order removing him from the custody of Defendants); *see also* [Doc. Nos. 22, 25, 31, 39, 42, 49, 55] (letters to the Court and supplemental memoranda addressing similar matters); *Munt*, 2015 WL 5673108, at *7 (noting that courts may consider developments postdating the pleadings and pretrial motions when considering a motion for preliminary injunction). However, to the extent Schuett moves the Court for preliminary relief related to the allegations in his Amended Complaint, his motions must nonetheless be denied because his requests for injunctive relief are moot.

Schuett has sued LaRiva, Warden at FMC-Rochester, and Smith, Associate Warden at FMC-Rochester. (Am. Compl. at 4) (listing Defendants' names, titles, and addresses at FMC-Rochester). Given Defendants' employment at FMC-Rochester, Schuett's transfer has taken him outside of the authority and care of Defendants. *See (*Am. Compl. at 5) (asserting that Smith is "in charge of" medical decisions as "Associate Warden of Medical **at FMC Rochester**" and asserting that LaRiva is "in charge of the administrative decisions **at FMC Rochester**) (emphasis added); *Pratt*, 124 F. App'x at 465, 467 (concluding that claims for injunctive relief against individual officials, including assistant warden, were "rendered moot by [inmate's]

10

transfer" to a different facility); *Clark*, 2016 WL 447458, at *2 (stating that transfer of prisoner to a different "facility can render that prisoner's claims for injunctive relief moot," especially when "the transfer takes the prisoner outside the authority and care of the allegedly offending prison officials"); *Anderson*, 2013 WL 1173948, at *7, n.11 (concluding that plaintiff could not "be granted injunctive relief against the individual Defendants employed at FMC-Rochester," including warden and associate warden, because his "prison transfer . . . effectively mooted any claims for injunctive relief against those Defendants"); *see also* (Omnibus Resp. at 6). Stated another way, Schuett has not named as a defendant any individual within the BOP or any entity that might continue to have authority over his custody and care despite his transfers to USP-Coleman and USP-Hazelton. *See Pratt*, 124 F. App'x at 467 (distinguishing between claims for injunctive relief against individual officials employed at particular facility, which were mooted by transfer, and claims for injunctive relief against private prison corporation, which were not mooted by transfer). Because Schuett's Motions for Preliminary Relief seek various forms of injunctive relief with respect to his care and treatment by Defendants and because he has been removed from their care and custody by his transfer, the Court recommends that his Motions for Preliminary Relief be denied as moot.[5]

---

[5] While the Court addresses mootness in the context of Schuett's Motions for Preliminary Relief that are related to the Amended Complaint, the same principles dictate that the vast majority, if not all, of Schuett's Motions for Preliminary Relief that are unrelated to his claims are likewise mooted by his transfer. Similarly, to the extent any of the Motions for Preliminary Relief identified above as being sufficiently related to the Amended Complaint, *see* [Doc. Nos. 9, 21, 24, 26, 34, 37, 38, 41], raise issues and seek relief unrelated to his claims, the motions must be denied for the reasons explained in Part II.A.2.a.

The Court further notes that to the extent Schuett's motions seek injunctive relief in the form of a transfer from FMC-Rochester to another facility, out of the custody and control of Defendants, this request is mooted by the fact that Schuett has already been so transferred. *See Venetucci v. Jett*, Civ. No. 10-89 (ADM/AJB), 2011 WL 308548, at *1 (D. Minn. Jan. 28, 2011) (Montgomery, J.) (denying motion on mootness grounds where relief plaintiff sought had been obtained).

### c. Conclusion

In sum, because Schuett's Motions for Preliminary Relief are unrelated to the Amended Complaint, mooted by his transfer, or both, the Court recommends that Schuett's Motions for Preliminary Relief be denied.[6] For the same reasons, the Court recommends that to the extent Schuett seeks a hearing before this Court with regard to his Motions for Preliminary Relief, his motions be denied. *See* [Doc. Nos. 27, 71]; *see also* [Doc. No. 25 at 4]; [Doc. No. 39 at 1]; [Doc. No. 49 at 1–2].

### B. Motion for Judgment [Doc. No. 53]

In his Motion for Judgment, Schuett asserts that "Defendants have failed to answer" his Amended Complaint "within sixty (60) days of service." (Mot. for J. at 1). He also asserts that Defendants have "failed to notify" him of the "names and addresses of their counsel." (*Id.*). He requests that the Court "either order the defendants answer" his Amended Complaint "within [sic] time deemed by the Court," or, if Defendants do not answer in this time period, Schuett "request [sic] a summary judgment in this case for default by the defendants." (*Id.*).

The same day the Motion for Judgment was filed, the Court granted Defendants' earlier-filed Corrected Motion for Extension of Time for All Defendants to Respond to Complaint [Doc. No. 51] and ordered Defendants to answer or otherwise respond to the Amended Complaint by

---

[6] In light of this analysis the Court does not address the merits of Schuett's Motions for Preliminary Relief under the *Dataphase* factors. The Court notes, however, that Schuett has not clearly addressed the *Dataphase* factors in any of his Motions for Preliminary Relief. Furthermore, while in one filing he suggests that a doctor recommended cataract removal surgery and that Defendants refused to allow the surgery, Schuett states in a later filing that LaRiva "made . . . decision[s] on the basis of doctors [sic] recommendations." *Compare* [Doc. No. 38 at 1] *with* [Doc. No. 68 at 6]. In the context of the Eighth Amendment, prison officials acting in an administrative capacity "cannot substitute their judgment for a medical professional's prescription" and "cannot be liable for the medical staff's diagnostic decisions." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). That is, prison officials do not have a "**constitutional** duty to independently assess, and second-guess, the medical opinions of a prison's medical staff." *Anderson*, 2013 WL 1173948, at *12.

April 13, 2016. (Text Only Order Dated Mar. 9, 2016) [Doc. No. 54]. Defendant then timely moved to dismiss the Amended Complaint on April 13, 2016. (Mot. to Dismiss). Thus, to the extent Schuett's Motion for Judgment seeks an order from this Court requiring Defendants to file an answer to the Amended Complaint within a certain time period, the Court recommends that the motion be denied as moot. For similar reasons, to the extent Schuett seeks default judgment against Defendants, the Court recommends that the Motion for Judgment be denied. *See* Fed. R. Civ. P. 55(a) (providing for entry of default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise").[7]

### C. Motions to Appoint Counsel [Doc. Nos. 11 and 40]

#### 1. Legal Standard

Once a *pro se* litigant is allowed to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Litigants in civil cases, however, do not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (citing *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). Rather, appointing counsel under § 1915(e) is committed to the discretion of the court. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). "A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel." *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir.

---

[7] Based on the language of the Motion for Judgment, the Court understands Schuett to be moving the Court for default judgment, despite Schuett's references to "summary judgment." *See* (Mot. for J. at 1) (referring to summary judgment in caption, but also referring to Defendants "Failure to Answer . . . Within Time Limits); (*id.* at 2) (asking for "summary judgment" based on "default by the defendants"). The Court further notes that before a party can move for default judgment, the party must first apply to the clerk of court for an entry of default. *See* Fed. R. Civ. P. 55(a)–(b).

1996). The decision to appoint counsel involves weighing "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

### 2. Analysis

Schuett has filed two Motions to Appoint Counsel. In the first motion, Schuett moves the Court for appointment of counsel because he "has limited knowledge of legal matter[s]" involved in this case. [Doc. No. 11 at 1]. In his second motion, Schuett moves the Court for "appointment of emergency counsel" because he has "no legal background and a limited education." [Doc. No. 40 at 1]. Having reviewed the relevant factors, the Court concludes that appointment of counsel is not warranted at this time.

Schuett's claims arise out of Defendants' alleged denial of cataract removal surgery and alleged injuries that Schuett suffered in relationship to that denial. *See* (Am. Compl. at 6–7). Thus, Schuett raises an Eighth Amendment claim that appears to be based on a rather narrow set of facts and circumstances, and he has demonstrated at least a threshold ability to articulate the basis for his claims and communicate with the Court. *See* (*id.*). Indeed, while Schuett has largely failed comply with the Local Rules, he has nonetheless filed numerous motions with the court and filed a memorandum in opposition to Defendants' Motion to Dismiss. *See* [Doc. Nos. 9, 11–14, 16–21, 24, 26–30, 32–34, 36–38, 40–41, 53, 68, 71]. Furthermore, this case is in an early stage, with Defendants' Motion to Dismiss pending before the Court. At this juncture, it is unclear whether there will be any conflicting testimony, *Phillips*, 437 F.3d at 794, and the pending Motion to Dismiss may resolve this case.

14

Finally, the Court notes that although Schuett is not a trained attorney, he is not unfamiliar with civil litigation. As noted in the Court's order granting Schuett *in forma pauperis* status, Schuett "is subject to the three-strikes provision of the Prison Litigation Reform Act," which prohibits a prisoner from proceeding *in forma pauperis* if the prisoner has, "'on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (Order Dated Dec. 17, 2015) [Doc. No. 8 at 1] (quoting 28 U.S.C. § 1915(g)). Schuett was only permitted to proceed *in forma pauperis* in this action based on his allegations of imminent danger. *See* (*id.* at 2) (noting that Schuett made adequate allegations for purposes of the "imminent danger" exception to the three-strikes rule). Moreover, a search for "Schuett, Clifford" within the United States Courts' Public Access to Court Electronic Records ("PACER") system reveals that between 1980 and 2016, Schuett has initiated more than eighty civil lawsuits. *Case Locator*, PACER, https://www.pacer.gov/ (select Find A Case; then select Search the PACER Case Locator; search "Schuett, Clifford" in Party Search field).

Given the nature of Schuett's claims, his threshold ability to articulate the basis for his claims, the stage of this litigation, and Schuett's decades of experience as a *pro se* civil litigant, the Court denies Schuett's Motions to Appoint Counsel.

    **D.**    **Discovery Motions [Doc. Nos. 17, 32, 36]**

        **1.**    **Legal Standard**

Under Federal Rule of Civil Procedure Rule 34(a), a party may "serve on any other party a request" to produce documents or other tangible things that fall within the scope of Rule 26(b).

A party may move to compel such discovery if the opposing party has failed to respond to discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Further, Rule 35(a)(1) provides that a court "where [an] action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an order "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A).

### 2. Analysis

In Document Number 17, Schuett seeks the following documents, which he asserts are in the custody of Defendants: (1) his BOP medical records from September 16, 2015, through January 1, 2016; (2) "copies of any medical communications" that mention his name from September 16, 2015, through January 1, 2016; and (3) copies of his "Central File-BOP from September 16, 2015 to January 1, 2016 (medical)." In Document Number 32, Schuett seeks an examination by an "independent opthamologist [sic]," and in Document Number 36, Schuett asks that the Court order "x-rays" to be performed "by an independent radiology firm not connected to the defendants."

Schuett does not cite legal authority for these motions, but the Court construes them as motions for discovery under Rules 34 and 35. Any request for relief from the Court related to production of documents, however, is premature in the absence of evidence that Schuett has formally requested the information he seeks consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(3)(B). That is, Schuett must first attempt to obtain discovery from Defendants in a manner contemplated by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota before seeking assistance from the Court, regardless of his

*pro se* status. Nothing Schuett filed with the Court demonstrates that he has previously made a formal request for discovery from Defendants consistent with the Federal Rules of Civil Procedure, much less that Defendants have denied such a request. *See* [Doc. No. 17]. The Court therefore cannot conclude that Defendants have failed to comply with their duties under the Rules. As a result, the Court denies Schuett's motion seeking an order compelling the production of documents.

With regard to Schuett's motions seeking independent medical examinations, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished table decision); *Foster v. Lombardi*, No. 1:12-CV-00116, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013) (collecting cases); *see also Maxton v. United States*, No. 12-cv-00383, 2016 WL 1028262, at *1 (D. Colo. Mar. 15, 2016) (noting that "the weight of authority from courts across the country" regarding the scope of Rule 35 is consistent with the view of the court in *Brown* and that "[n]either Rule 35 nor 28 U.S.C. § 1915 provide" a court with "any authority to require Defendants or the court to pay for an independent medical examination"). The Court therefore denies Schuett's motions seeking independent medical examinations.

### III. CONCLUSION[8]

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Clifford J. Schuett's:

1. Motion for Appointment of Counsel [Doc. No. 11];

---

[8] In the rulings and recommendations that follow, the Court refers to the document titles used by Schuett, regardless of any spelling or grammatical errors.

17

    2.    Motion for Subpoena of Records and Files [Doc. No. 17];

    3.    Motion for a Order for the Plaintiff to be Examination by a Independent Opthamologist [Doc. No. 32];

    4.    Motion for a Order Ordering that a Independent X-Ray Firm Do X-Rays on the Plaintiffs Legs [Doc. No. 36]; and

    5.    Petition and Motion for Appointment of Emergency Counsel [Doc. No. 40]

are **DENIED**.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Clifford J. Schuett's:

    1.    Petition for Temporary Restraining Order and a Protective Order [Doc. No. 9];

    2.    Petition and Motion for a Order Directing the Defendants to Quit Tampering with Plainitffs Legal and General Correspondence [Doc. No. 12];

    3.    Notice that Plaintiff Has Been Denied by the Defendants the Use of the BOP Grievance System [Doc. No. 13];

    4.    Motion New Information for Another Injury [Doc. No. 14];

    5.    Motion for a Order Directing that the Defendants Not Force Medical Treatment on the Plaintiff [Doc. No. 16];

    6.    Motion for a Order Directing the Defendants From Tampering with Plaintiffs Legal Mail [Doc. No. 18];

    7.    Motion for Mail Tampering of Plaintiffs Mail by the Defendants and Exhibits [Doc. No. 19];

    8.    Motion and Memorandum of Information Under Seal [Doc. No. 20];

    9.    Petition and Motion for a Temporary Restraining Order and Preliminary Injunction from Defendants [Doc. No. 21];

    10.    Motion of New Information (New Injury) [Doc. No. 24];

    11.    Motion for a Order Placing the Plaintiff in the Custody of the U.S. Marshals or Other BOP Officials [Doc. No. 26];

12. Motion for a Hearing in Front of This Court [Doc. No. 27];

13. Motion for a Ordering the Defendants to Provide a Typewriter to the Plaintiff [Doc. No. 28];

14. Motion of Information as to New Injury [Doc. No. 29];

15. Motion for Protection From the Defendants From Retaliation [Doc. No. 30];

16. Motion for Order Directing the Defendants Let the Plaintiff Have Access to the Law Library and a Typewriter in His Cell, With All Legal Materials [Doc. No. 33];

17. Motion for Courts Review of Grievance [Doc. No. 34];

18. Motion and Memorandum, Plaintiff Was Denied Medical Treatment [Doc. No. 37];

19. Motion and Memorandum of New Information for Courts Review [Doc. No. 38];

20. Motion and Memorandum of New Information for the Courts Review (New Injury) [Doc. No. 41]; and

21. Petition for a Hearing Before This Court, Also Permission For the Plaintiff to Be Present at the Hearing [Doc. No. 71]

be **DENIED** to the extent they seek relief unrelated to the Amended Complaint and otherwise be **DENIED as moot**.

Further, **IT IS HEREBY RECOMMENDED** that Plaintiff Clifford J. Schuett's Motion for Summary Judgment for Failure to Answer Plaintiffs Complaint Within Time Limits [Doc. No. 53] be **DENIED as moot** to the extent Schuett seeks an order requiring Defendants to file an answer to the Amended Complaint within a certain time period and **DENIED** to the extent Schuett seeks default judgment against Defendants.

Dated: May 26, 2016

                                               *s/Steven E. Rau*
                                               STEVEN E. RAU
                                               United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.