UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Clifford J. Schuett,                                    Case No. 15-cv-4207 (WMW/SER)

           Plaintiff,

**ORDER ADOPTING AS MODIFIED
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

   v.

L. LaRiva and M. Smith,

           Defendants.

---

This matter is before the Court on the May 26, 2016 Order and Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau. (Dkt. 75.) The R&R includes an order addressing Plaintiff Clifford J. Schuett's nondispositive motions and recommendations as to his dispositive motions. The R&R categorized Schuett's numerous dispositive motions into two categories: (1) motions for preliminary relief, and (2) a motion for judgment. The R&R recommends that this Court deny Schuett's dispositive motions as either unrelated to the claims in his complaint or moot. In a letter postmarked June 6, 2016, Schuett objected to the R&R. (Dkt. 78-1.) Because Schuett has been transferred outside of the custody and control of Defendants who work at the Federal Medical Center Rochester in Rochester, Minnesota ("FMC Rochester") and because Defendants have now responded to Schuett's Amended Complaint, Schuett's

motions are moot.   For the reasons addressed herein, the Court overrules Schuett's objections and adopts as modified Magistrate Judge Rau's R&R.

## BACKGROUND

Schuett, who is incarcerated at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia ("USP Hazelton"), commenced this action on November 19, 2015 while incarcerated at FMC Rochester.   On December 10, 2015, Schuett filed an amended complaint ("Amended Complaint").   (Dkt. 4.)   Schuett's Amended Complaint asserts claims against L. LaRiva, the warden at FMC-Rochester, and M. Smith, the associate warden at FMC-Rochester (collectively "Defendants").   The Amended Complaint alleges that Defendants violated Schuett's civil rights by denying him appropriate medical care in the form of cataract-removal surgery, which resulted in injuries.[1]   Schuett alleges that in October 2015, FMC Rochester denied his request for an examination by an ophthalmologist and that Defendants could have overturned that decision.

Schuett's Amended Complaint relates four separate occasions on which he was injured, allegedly as a result of Defendants' decision to deny him cataract-removal surgery.   Specifically, Schuett alleges that: (1) on September 20, 2015, he ran into a light pole in the facility yard, causing a cut on his right leg; (2) on September 24, 2015, he was

---

[1]     The Eighth Circuit requires plaintiffs to plead with specificity the capacity in which defendants are sued.   " 'If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.' "   *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998)).   Here, Schuett's Amended Complaint names Defendants and lists their official titles as warden and associate warden.   Therefore, the Court construes Schuett's complaint as suing Defendants in their official capacities.

hit by a door, causing a cut to his right leg; (3) on September 29, 2015, he fell out of his wheelchair when it went off the edge of the sidewalk; and (4) on October 22, 2015, he was hit again by an opening door, causing a cut, bruising and swelling to his left leg. Schuett's numerous motions allege that Defendants' conduct placed him in imminent danger and that the decision to withhold appropriate cataract treatment will result in blindness.  As relief, Schuett's Amended Complaint seeks an order directing Defendants either to provide him cataract-removal surgery or to transfer him to a facility that will provide the procedure.  Schuett also seeks $20 million in damages for pain and suffering.

Schuett has filed numerous motions since filing his Amended Complaint.  The R&R divides Schuett's 21 dispositive motions into two categories: (1) motions for preliminary relief, and (2) a motion for summary judgment.  These motions are briefly summarized below.

## I.     Motions for Preliminary Relief

The R&R recommends denying 20 motions filed between December 18, 2015 and May 6, 2016, in which Schuett seeks relief in the form of a temporary restraining order or preliminary injunction ("Motions for Preliminary Relief").   These Motions for Preliminary Relief include:

- Nine motions seeking relief after Schuett was hit and cut by opening doors that cause additional injuries.  In these motions, Schuett states that his eyesight has worsened, requests additional eye exams, asserts that his life is in danger and requests removal from the custody of Defendants.  (Dkts. 9, 14, 21, 24, 26, 34, 37, 38, 41.)   Schuett filed seven supplemental

memoranda informing the Court of additional claimed injuries.  (Dkts. 22, 25, 31, 39, 42, 49, 55.)

- Three motions for an order directing Defendants to stop interfering or tampering with Schuett's mail.  (Dkts. 12, 18, 19.)

- Two motions for an order directing Defendants to permit Schuett to utilize the FMC Rochester grievance system.  (Dkts. 13, 20.)

- Two motions for an order directing Defendants to provide Schuett with a typewriter, related supplies and access to the law library.  (Dkts. 28, 33.)

- One motion for an order removing Schuett from the dangerous conditions at FMC-Rochester.  (Dkt. 14.)

- One motion for an order preventing Defendants from forcing certain medical treatment on Schuett.  (Dkt. 16.)

- One motion for unspecified relief based on allegations that a pressure wound was torn open when Schuett was forced to sleep on a nonmedical mattress.  (Dkt. 29.)

- One motion for an order directing Defendants to either charge Schuett with conduct warranting discipline or to release him from segregation.  (Dkt. 30.)

- One motion for an order directing the United States Bureau of Prisons to return Schuett to Minnesota based on allegations that Defendants transferred Schuett to a dangerous prison in retaliation for Schuett bringing this lawsuit.  (Dkt. 71.)

Magistrate Judge Rau's R&R recommends denying all of Schuett's Motions for Preliminary Relief. First, Magistrate Judge Rau concludes that several of Schuett's Motions for Preliminary Relief are unrelated to his Amended Complaint. Second, because Schuett has been transferred from the custody and control of Defendants—and Schuett sued Defendants in their official capacities—Magistrate Judge Rau recommends dismissing as moot the Motions for Preliminary Relief that are related to Schuett's Amended Complaint. Schuett filed a timely objection to the R&R, the merits of which are addressed below.

## II.    Motion for Summary Judgment

On March 9, 2016, Schuett moved for summary judgment, asserting that Defendants failed to answer his complaint, and sought, in the alternative, an order directing Defendants to answer or granting summary judgment. (Dkt. 53.) On the same day that Schuett moved for summary judgment, Magistrate Judge Rau granted Defendants' March 8, 2016 motion for an extension of time to file their answer. (Dkt. 54.) On April 13, 2016, Defendants filed a motion to dismiss the Amended Complaint in lieu of an answer. (Dkt. 61.)

Magistrate Judge Rau's R&R characterizes Schuett's motion for summary judgment as a motion for default judgment. Because Magistrate Judge Rau granted Defendants an extension of time to file their answer and Defendants responded to Schuett's Amended Complaint by filing a motion to dismiss, the R&R recommends denying as moot Schuett's motion for summary judgment. Schuett filed a timely objection to the R&R, the merits of which the Court addresses below.

## ANALYSIS

### I.     Mootness

A federal court's authority is limited to deciding the case or controversy before it. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).  A federal court has no authority to issue an opinion on moot questions or abstract propositions.  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).  Therefore, a district court cannot grant relief when an event occurs while a case is pending that would prevent the requested relief from addressing the allegations.  *Id.*

### A.     Schuett's Motions for Preliminary Relief

Schuett's Motions for Preliminary Relief seek relief in various forms but largely are styled as requests for temporary restraining orders and preliminary injunctions.[2] When deciding whether a preliminary injunction is warranted, a district court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (referred to as the *Dataphase* factors).  However, a claim for relief is moot " 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.' "  *Randolph v. Rodgers*, 170

---

[2]     The same legal standard applies to both a request for a temporary restraining order and a request for a preliminary injunction.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

An inmate's claims for injunctive relief against a warden to improve a prison's conditions become moot when that inmate is transferred to another facility. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). There is an important distinction between claims against individual prison officials and those against an entity, such as the United States Bureau of Prisons. Individual prison officials have no control over the conditions at a different facility. *See id.*; *see also Clark v. Roy*, No. 15-cv-2778, 2016 WL 447458, at *2 (D. Minn. Feb. 4, 2016) (stating that transfer of prisoner to a different facility "can render that prisoner's claims for injunctive relief moot," especially when "the transfer takes the prisoner outside the authority and care of the allegedly offending prison officials").

Here, Schuett's Amended Complaint alleges claims against the warden and associate warden at FMC Rochester in their official capacities. But on March 14, 2016, Schuett was transferred from FMC Rochester to the United States Penitentiary Coleman I in Sumterville, Florida ("USP Coleman I"). Schuett was subsequently transferred USP Hazelton. Because Schuett is no longer housed at FMC Rochester, the relief that Schuett seeks against the warden and associate warden at FMC Rochester would have no impact on his current conditions at a different facility. Therefore, because Schuett's Motions for Preliminary Relief are moot,[3] *Martin*, 780 F.2d at 1337, the Court lacks the authority to

---

[3]     Schuett's motion for an order directing his return to Minnesota, (Dkt. 71), alleges that Defendants retaliated against him for bringing this lawsuit by transferring him to

analyze the *Dataphase* factors as applied to Schuett's prior confinement at FMC-Rochester, *Church of Scientology*, 506 U.S. at 12.

The Court adopts Magistrate Judge Rau's R&R only to the extent that it recommends denying as moot Schuett's Motions for Preliminary Relief.  Because Schuett's transfer to a different facility renders his requests for relief moot, Magistrate Judge Rau's analysis in the R&R that distinguishes between Schuett's claims that are related to his Amended Complaint and those that are not is unnecessary to the resolution of Schuett's pending motions.  Accordingly, the R&R is modified to deny Schuett's Motions for Preliminary Relief on mootness grounds alone.

### B.      Schuett's Motion for Summary Judgment

Schuett's motion for summary judgment asserts that Defendants "failed to answer" the Amended Complaint and seeks "summary judgment in this case for default."  The R&R correctly classifies Schuett's motion as one for a default judgment rather than for summary judgment.

Rule 55(a), Fed. R. Civ. P., provides for the entry of a default judgment when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Magistrate Judge Rau granted Defendants an extension to respond to the Amended Complaint, and Defendants timely filed their motion to dismiss.  Defendants'

---

USP Coleman I, which Schuett alleges is a more dangerous facility.  However, Schuett's Amended Complaint does not name the United States Bureau of Prisons as a party and the Court cannot issue an order for relief that is directed to a nonparty.  Moreover, Schuett now has been transferred to USP Hazelton.

motion to dismiss rendered Schuett's motion for summary judgment moot. Accordingly, the Court adopts the R&R with respect to Schuett's motion for summary judgment.

## II.    Schuett's Objections to the R&R

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). The district court reviews de novo those portions of the R&R to which an objection is made, and the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. LR 72.2(b)(3).

In a letter postmarked June 6, 2016, Schuett acknowledges his receipt of the R&R and laments his experience with the federal court system and his treatment within the United States Bureau of Prisons. (Dkt. 78.) This letter includes allegations of continued abuses both at FMC Rochester and within the United States Bureau of Prisons generally. Even when Schuett's letter is construed broadly as an objection to the R&R, his allegations of ongoing mistreatment at a facility where he no longer is confined do not remedy the mootness of his current Motions for Preliminary Relief or motion for summary judgment at issue here.[4]

---

[4]    Schuett's letter restates that he was injured at FMC Rochester and contends that civil rights violations continue to occur there despite his transfer to a different facility. But, as a pro se party, Schuett cannot represent the interests of others. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). To the extent that Schuett's allegations are animated by his concern that he may be transferred back to FMC

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Schuett's objections to Magistrate Judge Rau's R&R, (Dkt. 78-1), are

**OVERRULED**;

2.      The R&R, (Dkt. 75), is **ADOPTED AS MODIFIED** herein;

3.      Schuett's Motions for Preliminary Relief, (Dkts. 9, 12, 13, 14, 16, 18, 19, 20, 21, 24, 26, 28, 29, 30, 33, 34, 37, 38, 41, 71), are **DENIED**.

4.      Schuett's Motion for Judgment, (Dkt. 53), is **DENIED**.

Dated:  June 30, 2016                                    s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge

---

Rochester in the future, such a possibility is "too speculative a basis" to grant Schuett's requested relief. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).