UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Clifford J. Schuett, | Case No. 15-cv-4207 (WMW/SER) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| v. | |
| L. LaRiva and M. Smith, | |
| Defendants. | |

---

This matter is before the Court on the November 3, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau. (Dkt. 88.) The R&R recommends that the Court grant Defendants' motion to dismiss Plaintiff Clifford J. Schuett's amended complaint without prejudice because Schuett failed to exhaust his administrative remedies. The R&R also recommends that the Court deny Schuett's remaining motions as moot. For the reasons that follow, the Court adopts the R&R as modified.

## BACKGROUND

Schuett commenced this action on November 19, 2015, while incarcerated at the Federal Medical Center Rochester in Rochester, Minnesota ("FMC Rochester"). On December 10, 2015, Schuett amended his complaint ("Amended Complaint"). (Dkt. 4.) Schuett's Amended Complaint asserts claims against L. LaRiva, the warden at FMC Rochester, and M. Smith, the associate warden at FMC Rochester (collectively

"Defendants").[1]  The Amended Complaint alleges that Defendants violated Schuett's civil rights by denying him appropriate medical care in the form of cataract-removal surgery, which resulted in injuries.[2]

Specifically, Schuett alleges that: (1) he ran into a light pole in the facility yard and cut his right leg on September 20, 2015; (2) he was hit by a door and cut his right leg on September 24, 2015; (3) he fell out of his wheelchair when it went off the edge of the sidewalk on September 29, 2015; and (4) he was hit again by a door, causing a cut, bruising and swelling to his left leg on October 22, 2015.  Schuett alleges that FMC Rochester denied his request for an examination by an ophthalmologist in October 2015 and that Defendants' conduct places him in imminent danger because he will suffer additional injuries and may become blind without cataract-removal surgery.

Schuett's Amended Complaint seeks an order directing Defendants either to arrange for him to undergo cataract-removal surgery or to transfer him to a facility that will do so.  Schuett also seeks $25 million in damages for pain and suffering.  On March 14, 2016, Schuett was transferred from FMC Rochester to the United States Penitentiary

---

[1]   The Eighth Circuit requires plaintiffs to plead with specificity the capacity in which defendants are sued.  "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1182 (8th Cir. 1998)).  Because Schuett's Amended Complaint names Defendants and lists their official titles as warden and associate warden, the Court construes this lawsuit as against Defendants in their official capacities.

[2]   This matter is a *Bivens* action because Schuett's allegations target federal actors. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

Coleman I in Sumterville, Florida ("USP Coleman I").  Schuett subsequently was transferred to his current location at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia ("USP Hazelton").

Defendants move to dismiss Schuett's Amended Complaint, arguing that Schuett failed to exhaust available administrative remedies, the Amended Complaint fails to allege sufficient personal involvement by Defendants for Schuett's injuries and that Defendants are entitled to qualified immunity.  In support of their motion, Defendants attach the Declaration of Paralegal Specialist Shannon Boldt ("Boldt Declaration"), which addresses—among other things—Schuett's utilization of available administrative remedies for the allegations in the Amended Complaint.  The Boldt Declaration attaches eleven substantiating exhibits.  Schuett counters that he need not exhaust his administrative remedies because the Amended Complaint alleges that he is in imminent danger.

On June 2, 2016, Schuett filed a motion for miscellaneous relief, informing the Court of his transfer to USP Hazelton and alleging that he had been attacked and suffered injuries at that facility.  Schuett also complains that, in retaliation for the filing of this lawsuit, Defendants illegally changed his custody-point level, which affects the type of facility in which he is incarcerated.  Schuett seeks the Court's immediate intervention to prevent further injuries.

Schuett moved to voluntarily dismiss the Amended Complaint on July 22, 2016, explaining that he is now completely blind and unable to prosecute this action.  Schuett

also contends that Defendants continue to transfer him to different facilities in order to impede this litigation.

On October 17, 2016, Schuett moved to withdraw his motion to voluntarily dismiss his Amended Complaint because he "still wants to prosecute this action" and "is still being injured by the BOP through the defendants [sic] actions getting the Plaintiff transferred to another [facility]."

Magistrate Judge Rau's November 3, 2016 R&R recommends converting Defendants' motion to dismiss into a motion for summary judgment and dismissing the Amended Complaint without prejudice because Schuett failed to exhaust available administrative remedies before filing this lawsuit. The R&R recommends denying Schuett's other motions as moot. In the alternative, the R&R recommends denying Schuett's motion for miscellaneous relief because it seeks relief unrelated to the Amended Complaint. Schuett timely objected to the R&R only as to its recommendation regarding Schuett's motion for miscellaneous relief.

## ANALYSIS

In the absence of timely objections, this Court reviews the R&R for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). However, a party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). A district court reviews de novo any portion of a magistrate judge's R&R to which objections are properly filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *United States v.*

*Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  LR 72.2(b)(3).

## I.   Defendants' Motion to Dismiss

Because Schuett does not object to the R&R's recommendation to dismiss without prejudice his Amended Complaint, this aspect of the R&R is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder*, 73 F.3d at 795.  The R&R properly converts Defendants' motion to dismiss into a motion for summary judgment because Defendants rely on the Boldt Declaration to substantiate their affirmative defense that Schuett failed to exhaust available administrative remedies prior to filing this lawsuit.  *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).  As a converted motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material[s] . . . pertinent to the motion."  Fed. R. Civ. P. 12(d).  But consideration of matters outside the pleadings without notice is appropriate when the nonmoving party has an adequate opportunity to respond to the motion and the material facts are neither disputed nor missing from the record.  *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003); *see also Van Zee v. Hanson*, 630 F.3d 1126, 1129 (8th Cir. 2011).  Here, Schuett responded directly to Defendants' assertion that he failed to exhaust his administrative remedies by arguing that he was not required to do so because his Amended Complaint alleges imminent danger.  But Schuett's argument is unavailing.

The imminent-danger exception permits a prisoner to file in forma pauperis despite having a record of filing frivolous actions if "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  In fact, it was this exception

that permitted Schuett to file his Amended Complaint in forma pauperis. But the imminent-danger exception does not excuse Schuett's obligation to exhaust administrative remedies before filing a lawsuit. *McAlphin v. Toney*, 375 F.3d 753, 755 (8th Cir. 2004) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The Boldt Declaration makes clear that Schuett failed to exhaust available administrative remedies. Dismissal without prejudice is appropriate in such circumstances. *Nash v. Lappin*, 172 F. App'x 702, 703 (8th Cir. 2006). This resolution moots Schuett's motion to voluntarily dismiss this action as well as his request to withdraw that motion. Accordingly, the R&R's recommendations as to these motions are not clearly erroneous.[3]

## II.   Schuett's Motion for Miscellaneous Relief

Schuett's motion for miscellaneous relief alleges that his custody-point level has been changed "illegally" and that he was attacked and suffered injuries during his time at USP Coleman I and USP Hazelton. The R&R recommends denying this motion either as moot or as inconsistent with the relief sought by Schuett's Amended Complaint. Schuett objects that the R&R misconstrues his motion, and he maintains that Defendants unlawfully changed his custody-point level, which caused him to be placed at higher-level facilities where the injuries occurred. Because Schuett timely objected to this portion of the R&R, it is reviewed de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Lothridge*, 324 F.3d at 600.

---

[3]   Because Schuett failed to exhaust his administrative remedies, the Court need not address Defendants' other arguments in support of their motion to dismiss.

When read narrowly, Schuett's motion appears to seek injunctive relief to preserve the status quo—that is, to prevent any transfer as a result of the alleged change in his custody-point level and any injuries that may result. But to receive injunctive relief, a relationship must exist "between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). No such relationship exists between the allegations in Schuett's Amended Complaint regarding the denial of a cataract-removal procedure and the alleged improper change in his custody-point level and resulting transfers. A broader interpretation of Schuett's motion for miscellaneous relief suggests that he is attempting to assert new claims and causes of action against new defendants. But Schuett did not amend his complaint to include these allegations, and they are not properly before this Court. *See Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992). Schuett may raise his new claims in a different lawsuit, so long as he follows the correct procedures. *See id.*

Accordingly, Schuett's objections to this portion of the R&R are overruled. With respect to Schuett's motion for miscellaneous relief, the Court adopts Magistrate Judge Rau's R&R to the extent that it recommends denying Schuett's motion as unrelated to his Amended Complaint.

# ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Schuett's objections to Magistrate Judge Rau's R&R, (Dkts. 89, 90), are **OVERRULED**.

2. The R&R, (Dkt. 88), is **ADOPTED AS MODIFIED** herein.

3. Defendants' motion to dismiss, (Dkt. 61), is **GRANTED**.

4. Schuett's motion for miscellaneous relief, (Dkt. 76), is **DENIED**.

5. Schuett's motion to voluntarily dismiss this action, (Dkt. 80), is **DENIED AS MOOT**.

6. Schuett's motion to withdraw his motion to voluntarily dismiss this action, (Dkt. 84), is **DENIED AS MOOT**.

7. Schuett's Amended Complaint, (Dkt. 4), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 12, 2017　　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge